IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID BRIGHTWELL,            *

  v.                              * CIVIL ACTION NO. DKC-14-1540

JOHN S. WOLFE, et al.,          *
                                         ******

## MEMORANDUM OPINION

On May 9, 2014, Petitioner David Brightwell filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for armed robbery and a related weapons offense entered in 1998 by the Circuit Court for Somerset County. ECF No. 1. Respondents filed an Answer indicating that the Petition must be dismissed as an unauthorized successive Petition under 28 U.S.C. §2244(b)(3)(A). ECF No. 8. Petitioner has replied. ECF Nos. 9 and 10.[1]

Petitioner previously sought habeas relief in this court in 2002, challenging his judgment of conviction rendered in the Circuit Court for Somerset County in 1998. *See Brightwell v. Hutchinson*, DKC-02-2529 (D. Md.).

Under 28 U.S.C. § 2244, Petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The pending Petition is successive and this court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Petitioner has complied with this "gatekeeper"

---

[1] Petitioner also seeks to stay the proceedings pending resolution of his Application for Leave to Appeal the denial of his Motion to Correct Illegal Sentence and Motion to Reopen Post Conviction Proceedings pending in the Maryland Court of Special Appeals. ECF No. 7. As the resolution of that matter has no bearing on this court's lack of jurisdiction to hear the instant case, the motion will be denied.

provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order. The procedural requirements and deadlines are extensive. Consequently, this Clerk shall be directed to provide Petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is to be emphasized that Petitioner must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA. A separate Order follows.

Date:  July 21, 2014                             /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge